| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | UNITED STATES DISTRICT COURT |
| 5 | NORTHERN DISTRICT OF CALIFORNIA |
| 6 | |

| | |
|---|---|
| BRIAN WHITAKER,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO AIRPORT SOUTH TL, L.P., et al.,<br><br>    Defendants. | Case No. 21-cv-00634-KAW<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 17 |

On April 14, 2021, Defendants filed a motion to dismiss Plaintiff Rafael Arroyo's first amended complaint. (Dkt. No. 17.) Since the filing of the motion, the Court has ruled on similar motions to dismiss in Case No. 21-cv-119-KAW, *Arroyo v. SC Landmark Hotels, LLC*, Case No. 21-cv-338-KAW, *Rios v. RLJ C San Francisco, LP*, and Case No. 21-cv-431-KAW, *Arroyo v. Independence Menlo Hotel Owner, LLC*. The Court dismissed these cases with prejudice for failure to allege a violation of the Reservations Rule. As the instant case challenges similar website disclosures as the above cases, the Court intends to dismiss the Reservations Rule claims.

In addition to the Reservations Rule claim, Plaintiff also alleges that "a closeup photo of the roll-in shower . . . demonstrates at [sic] blatant violations, clearly demonstrating that the shower is neither roll-in nor accessible and would create problems for the plaintiff." (First Amended Compl. ("FAC") ¶ 20, Dkt. No. 14.) For example, Plaintiff opines that there may be no 60-inch roll-in clearance. (FAC ¶ 22.) Thus, based on the photo, Plaintiff alleges that Defendant failed to provide an accessible shower and bathing facility in its accessible guestroom. (FAC ¶ 39.) It is not, however, clear to the Court that Plaintiff's speculations about a website photo can establish an ADA violation, particularly when Plaintiff has not visited the facility in question.

Accordingly, the Court ORDERS Plaintiff to show cause, within **two weeks** of the date of

this order, why this case should not be dismissed by: (1) explaining how this case is distinguishable from *SC Landmark Hotels*, *RLJ C San Francisco, LP*, and *Independence Menlo Hotel Owner, LLC*, and (2) explaining why the photo establishes an ADA violation and/or Plaintiff's standing. Plaintiff shall provide case authority, if any, that explains whether a violation can be established by a photograph even if the plaintiff did not visit the facility. Defendants shall file their response within **one week** of Plaintiff's OSC response. The responses shall be no more than eight pages.

The Court CONTINUES the motion hearing to **July 1, 2021**.

IT IS SO ORDERED.

Dated:

KANDIS A. WESTMORE
United States Magistrate Judge